IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHWEST AND SOUTHWEST AREAS PENSION FUND, CENTRAL STATES, SOUTHEAST AND WELFARE FUND AND HOWARD McDOUGALL, trustee, | ) ) ) ) ) | Case No. 08-CV-2022 |
| Plaintiffs, | ) ) ) | Judge Leinenweber |
| v. | ) ) ) | Magistrate Judge Keys |
| SCHWARTZ BEER WHOLESALERS, INC., a Missouri corporation, | ) ) ) ) | |
| Defendant. | ) | |

**SCHWARTZ BEER WHOLESALERS, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Schwartz Beer Wholesalers, Inc. ("Schwartz Beer"), by its attorneys, David J. Novotny and Michael B. Galibois of Chittenden, Murday & Novotny LLC, for its Answer to Plaintiffs' Complaint, states as follows:

**JURISDICTION AND VENUE**

1.  This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980, and is a suit to enforce the terms of the Pension Fund and the Welfare Fund. Jurisdiction is premised upon Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and the Pension Fund Trust Agreement and the Welfare Fund Trust Agreement.

**ANSWER:** Schwartz Beer admits that Plaintiff purports to bring this action under the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA"), as amended and that this Court possesses subject matter jurisdiction over this action pursuant to ERISA. Schwartz Beer denies any remaining allegations of Paragraph No. 1.

2. Plaintiffs are an "employee benefit plan" as that term is defined in ERISA and are administered in the Eastern Division of the Northern District of Illinois. Venue is proper in this district under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and pursuant to the forum selection clause of the Pension Fund Trust Agreement and the Welfare Fund Trust Agreement.

**ANSWER:** Schwartz Beer admits on information and belief that Plaintiffs are "employee benefit plans" within the meaning of ERISA and that venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2). Schwartz Beer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph No. 2.

## PARTIES AND RELATIONSHIP

3. The Funds are an employee benefit plan and trust, with their administrative office and their principal and exclusive offices at 9377 West Higgins Road in Rosemont, Cook County, Illinois.

**ANSWER:** Schwartz Beer admits on information and belief that the Plaintiff Funds are employee welfare benefit plans as defined under ERISA, 29 U.S.C. § 1002(1)(A), and that the Funds maintain offices at the address alleged. Schwartz Beer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph No. 3.

4. The Funds are primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters (hereinafter "IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing benefits to participants and beneficiaries of the Funds and paying the administrative expenses of the Funds.

**ANSWER:** Schwartz Beer is without information sufficient to form a belief as to the truth of the allegations of Paragraph No. 4.

5. Plaintiff Howard McDougall is a Trustee and a "fiduciary" of the Funds as that term is defined in ERISA and brings this action in his capacity as a Trustee and fiduciary. Pursuant to Section 502(a)(3) of ERISA, plaintiff Howard McDougall is authorized to bring civil actions on behalf of the Funds and its participants and beneficiaries. 29 U.S.C. §1132(a)(3).

**ANSWER:** Schwartz Beer admits that Plaintiff Howard McDougall purports to bring this civil action in his capacity as an alleged Trustee and ERISA "fiduciary" of the Plaintiff Funds, on behalf of the Plaintiff Funds, seeking relief under ERISA Section 502(a)(3). Schwartz Beer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph No. 5.

6. Defendant Schwartz Beer is a Missouri corporation and is an "employer" and a "party-in-interest" as those terms are defined by, respectively, 29 U.S.C. §§1002(5) and 1002(14)(C) of ERISA.

**ANSWER:** Schwartz Beer denies that it has currently has any employees that are members of any IBT local but admits the remaining allegations of Paragraph No. 6.

7. Local Union No. 238 of the IBT ("Local 238") is a labor organizations (sic) which represents, for the purpose of collective bargaining, certain employees of Defendant and employees of other employers in industries affecting interstate commerce.

**ANSWER:** Schwartz Beer admits on information and belief that IBT Local Union No. 238 ("Local 238") is a labor organization, which represents employees in industries affecting interstate commerce, but denies that Local 238 currently represents any Schwartz Beer employees for collective bargaining purposes and denies any remaining allegations of Paragraph No. 7.

### CERTAIN RELEVANT BACKGROUND EVENTS

8. For all periods relevant, Schwartz Beer was signatory to Collective Bargaining Agreements with Local 238.

**ANSWER:** Schwartz Beer admits that it signed a Collective Bargaining Agreement with the General Drivers, Warehousemen & Helpers Local Union No. 147 ("Local 147"), effective September 1, 1998 and that the effective dates of such agreement are governed by its terms. Schwartz Beer denies any remaining allegations of Paragraph No. 8.

9. Pursuant to these agreements, Schwartz Beer agreed to pay contributions to the Pension Fund and the Welfare Fund on behalf of covered employees.

**ANSWER:** Schwartz Beer admits that, in the collective bargaining agreement with Local 147, effective September 1, 1998, it agreed to make contributions on behalf of covered union employees to the Central States, Southeast and Southwest Pension Funds for Benefit Class A-9L9. Schwartz Beer denies any remaining allegations of Paragraph No. 9.

10. Defendant also agreed to be bound by the provisions of the Trust Agreements which created the Funds and agreed to pay contributions to the Funds on behalf of employees covered by the Funds (sic) Trust Agreements.

**ANSWER:** Schwartz Beer admits that, in the collective bargaining agreement with Local 147, effective September 1, 1998, it agreed to make contributions on behalf of covered union employees to the Central States, Southeast and Southwest Pension Funds for Benefit Class A-9L9. Upon information and belief, Schwartz Beer denies that it signed or otherwise agreed to be bound by the terms of Plaintiff Funds' purported Trust Agreements. Schwartz Beer denies the remaining allegations of paragraph 10.

11. The Funds' Trust Agreements require Defendant to "make continuing and prompt payments to the Funds as required by the applicable collective bargaining agreements."

**ANSWER:** Schwartz Beer lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph No. 11.

12. The Funds rely upon participating employers to self report the work history of eligible employees in order to prepare a monthly bill and determine benefit eligibility. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks and/or days worked by the covered employees.

**ANSWER:** Schwartz Beer is without information sufficient to form a belief as to the truth of the allegations of Paragraph No. 12.

13.     The Funds Trust Agreements permit the Funds to audit the records of participating employers to verify the accuracy and completeness of employee work history reported by the employers.

**ANSWER:**   Schwartz Beer is without information sufficient to form a belief as to the truth of the allegations of Paragraph No. 13.

14.     On February 8, 2008, the Funds sent a letter to Defendant requesting an audit for the period of January 2004 through May 13, 2007. The Funds requested year end payroll registers, IRS Forms W-2 and W-3, IRS Forms 941 and 941(c) and IRS Forms 1099 and 1096, Individual Earnings Cards, Seniority Lists, OSHA Summary of Occupational Injuries and Illnesses, personnel files and/or other documentation which would support job classifications, time cards and manifests, trip sheets, and Daily Driver logs for all employees employed by Defendant.

**ANSWER:**   Schwartz Beer admits that the Plaintiff Funds sent a letter dated February 8, 2008 advising of their plan "to begin our review of contributions reported to the Health and Welfare and Pension Funds."  Schwartz Beer admits that Plaintiffs' letter sought payroll registers, "IRS Forms W-2 and W-3," "IRS Forms 941 and 941C," "IRS Forms 1096 and 1099," "OSHA Summary of Occupational Injuries and Illnesses," "Personnel files and/or other documentation which would support job classifications," "Trip sheets/Load sheets," and "Weekly Pay Stubs/Check Stubs."  Schwartz Beer denies any remaining allegations of Paragraph No. 14.

15.     Schwartz Beer has refused to comply with the Funds' audit request.

**ANSWER:**   Schwartz Beer denies the allegations of Paragraph No. 15.

16.     The Funds Trust Agreements provide:

> Production of Records.  Each employer shall promptly furnish to the Trustees, upon reasonable demand, the names and current addresses of its Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with administration of the Trust.  The Trustees may, by their representatives, examine the pertinent records of each Employer at the Employer's place of business whenever such examination is deemed necessary or

advisable by the Trustees in connection with the proper administration of the Trust.

**ANSWER:** Schwartz Beer lacks knowledge of information sufficient to form a belief as to the truth of the allegations of Paragraph No. 16.

17. Pursuant to rules promulgated by the Trustees, the Pension Fund and the Welfare Fund Trust Agreements, and Section 602(g)(2)(d) and (e) of ERISA, 29 U.S.C. §1132(g)(2)(d), (e), Schwartz Beer is required to pay all audit fees and costs incurred by the Pension Fund and the Welfare Fund in connection with the audit of Schwartz Beer' (sic) records.

**ANSWER:** Schwartz Beer denies the allegations of Paragraph No. 17.

## STATUTORY AUTHORITY

18. 29 U.S.C. §1132(g)(1) provides:

(g) Attorney's fees and costs; awards in actions involving delinquent contributions

(1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

**ANSWER:** Schwartz Beer admits that Paragraph No. 18 recites ERISA Section 502(g)(1), 29 U.S.C. §1132(g)(1), but denies that Plaintiffs are entitled to such relief.

## STATUTORY AND CONTRACTUAL VIOLATIONS

19. Schwartz Beer has breached the provisions of the Funds Trust Agreements by failing to allow Plaintiffs' representatives to view information reasonably required by the Trustees in connection with the proper administration of the Funds.

**ANSWER:** Schwartz Beer denies the allegations of Paragraph No. 19.

WHEREFORE, Defendant Schwartz Beer Wholesalers, Inc. respectfully prays that Plaintiffs' Complaint be dismissed with prejudice and with its costs and fees awarded.

-7-

        Respectfully submitted,

        CHITTENDEN, MURDAY & NOVOTNY LLC


By:   /s/ Michael B. Galibois
     One of the Attorneys for Defendant
     **SCHWARTZ BEER WHOLESALERS, INC.**


David J. Novotny
Michael B. Galibois
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison Street, Suite 1400
Chicago, Illinois  60606
(312) 281-3600


O:\SC103\41173-CentralStates\PLDGS\Answer to Pltf's Complaint.doc

-8-

**PROOF OF SERVICE**

      I hereby certify that on **May 19, 2008** a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent to the following attorneys of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      Anthony E. Napoli
      CENTRAL STATES LEGAL DEPARTMENT
      (tnapoli@centralstatesfunds.org)

      Albert M. Madden
      CENTRAL STATES LEGAL DEPARTMENT
      (amadden@centralstatesfunds.org)

      Rebecca K. McMahon
      CENTRAL STATES LEGAL DEPARTMENT
      (rmcmahon@centralstatesfunds.org)

      Timothy C. Reuter
      CENTRAL STATES LEGAL DEPARTMENT
      (treuter@centralstatesfunds.org)

      /s/ Michael B. Galibois